UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
TERAJE SMITH,

                Petitioner,

        -against-

UNITED STATES OF AMERICA,

                Respondent.
-------------------------------------------------------x

ORDER

20-CR-164 (CS)
24-CV-3693 (CS)

Seibel, J.

      Before the Court is Petitioner Teraje Smith's motion to vacate sentence pursuant to 28 U.S.C. § 2255, (ECF Nos. 23 ("Pet."), 24), and the Government's opposition thereto, (ECF No. 27).[1] For the reasons stated below, the Petition is dismissed.

      On September 1, 2022, Petitioner was sentenced principally to 60 months' imprisonment on his conviction for conspiracy to transport a stolen vehicle, in violation of 18 U.S.C. § 371, and 96 months' imprisonment, to run concurrently, on his conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (ECF No. 21.) He now seeks vacatur of the latter sentence on the ground that § 922(g)(1) is unconstitutional based on the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022).

---

      [1] Docket references are to No. 20-CR-164.

      Petitioner filed a document dated April 8, 2024, but it was not clear if he intended it to be a § 2255 petition or an application for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), so the Court requested that Petitioner clarify his intention. (Pet. at 4.) By letter dated April 22, 2024, Petitioner indicated that he was seeking vacatur of his sentence under § 2255. (ECF No. 24.)

The first reason the Petition must be denied is that it is untimely. A federal prisoner seeking relief under § 2255 generally must file the motion within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the right asserted is initially recognized by the Supreme Court, if that right has been made retroactively available to cases on collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2255(f). Equitable tolling may be available to excuse an untimely petition, but only where "the petitioner shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Rivas v. Fischer*, 687 F.3d 514, 538 (2d Cir. 2012).[2] If the requirements for neither § 2255(f) nor equitable tolling are met, Petitioner's claim may be heard only if he shows he is actually innocent. *See United States v. Flower*, No. 14-CR-108, 2019 WL 5957883, at *5 (D. Vt. May 23, 2019) ("Given that Flower's Motion is barred by the statute of limitations set forth in 28 U.S.C. § 2255(f)(1)-(4), to obtain relief she must establish that she is either actually innocent of her conviction or that she is entitled to equitable tolling of the statute of limitations."); *United States v. Torres*, No. 11-CR-389, 2017 WL 78513, at *2 (S.D.N.Y. Jan. 9, 2017) (referring to "the actual innocence gateway through [the] statute of limitations" of the Antiterrorism and Effective Death Penalty Act).[3] Actual innocence is a "severely confined

---

[2] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

[3] The Court will send Petitioner copies of all unpublished decisions cited in this Order.

category," requiring new evidence showing that "it is more likely than not that no reasonable juror would have convicted the petitioner."  *McQuiggin v. Perkins*, 569 U.S. 383, 395 (2013).

The Judgment in Defendant's case was entered on September 8, 2022.  (ECF No. 21.) Because he did not appeal (consistent with his plea agreement), that conviction became final on September 22, 2022.  *See United States v. Wright*, 945 F.3d 677, 683 (2d Cir. 2019) (conviction becomes final fourteen days after entry of judgment if no appeal filed, and time to file *habeas* petition runs one year later); *see also* Fed. R. App. P. 4(b)(1) (allowing fourteen days to file notice of appeal from judgment of conviction).  Petitioner's time to file under § 2255 thus ran on September 22, 2023, under § 2255(f)(1), unless one of the other provisions of § 2255(f) applies, equitable tolling is appropriate, or Petitioner is actually innocent.  But the record contains no support for any of those exceptions to the one-year rule.  Petitioner had the opportunity to respond to the Government's argument regarding untimeliness, (ECF No. 27 at 5-7), but has not done so.  The Petition is thus barred by the statute of limitations.

Even if it were not, the claim was waived.  In his plea agreement, Petitioner agreed that he would not "bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255," of any sentence of 162 months' imprisonment or less. (Court Exhibit 1 of May 16, 2022 at 6.)  "A defendant's knowing and voluntary waiver of the right to appeal or collaterally attack his conviction and/or sentence is enforceable."  *Sanford v. United States*, 841 F.3d 578, 580 (2d Cir. 2016).  Indeed, if such waivers were not enforced, they would "become[] meaningless and would cease to have value as a bargaining chip in the hands of defendants."  *Cook v. United States*, 84 F.4th 118, 122 (2d Cir. 2023).  The Second Circuit has "recognized only five circumstances where [it] will not enforce a waiver: (1) where

the waiver was not made knowingly, voluntarily, and competently; (2) where the sentence was based on constitutionally impermissible factors, such as ethnic, racial, or other prohibited biases; (3) where the government breached the agreement containing the waiver; (4) where the district court failed to enunciate any rationale for the defendant's sentence; and (5) where the waiver "was unsupported by consideration." *Id*. The record contains no indication that any of those circumstances exist here, and Petitioner has not argued otherwise. The waiver thus bars the claim.

Even if it did not, the claim is procedurally barred. "Because collateral challenges are in tension with society's strong interest in the finality of criminal convictions, the courts have established rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack." *Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010). Failure to raise a claim on direct appeal forecloses review of that claim under § 2255, unless the movant can show either cause and actual prejudice, or actual innocence. *Bousley v. United States*, 523 U.S. 614, 622-23 (1998); *see United States v. Warren*, 335 F.3d 76, 79 (2d Cir. 2003). This is so even if, after the conviction has become final, there is a change in substantive law helpful to the movant. *See Bousley*, 523 U.S. at 621-22; *United States v. Thorn*, 659 F.3d 227, 231-33 (2d Cir. 2011). To show cause for failure to raise the issue on direct appeal, the movant must demonstrate an objective factor that prevented him from raising it, such as the claim being so novel that it was not reasonably available. *Bousley*, 523 U.S. at 622. To show prejudice, petitioner must show an error that "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Murray v. Carrier*, 477 U.S. 478, 494 (1986). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency."

*Bousley*, 523 U.S. at 623.

Petitioner did not respond to the Government's arguments regarding procedural default, (ECF No. 27 at 8-9), and thus has made no showing of cause. Nor does it appear he could have, given that *Bruen* was decided before he was sentenced. There is no apparent reason he could not have raised it on direct appeal. Nor has Petitioner shown prejudice, for the reasons discussed below.[4]

Finally, if I could reach the merits, I would deny the Petition, for reasons recently and succinctly summarized by Judge Vyskosil:

> Many other defendants have filed similar motions [attacking § 922(g)(1) post-*Bruen*] in this District, and the Court is not aware of any instance in which such a motion has succeeded. As this Court and every other court in the District to consider the issue has previously explained, the Second Circuit has held that Section 922(g)(1) is constitutional, *see [United] States v. Bogle*, 717 F.3d 281, 281-82 (2d Cir. 2013), and that precedent remains binding on this Court after *Bruen*. Indeed, the Supreme Court this year reiterated that "prohibitions . . . on the possession of firearms by felons. . . are presumptively lawful," *United States v. Rahimi*, 602 U.S. [680], 144 S. Ct. 1889, 1902 (2024). Furthermore, nothing in *Bruen* or *Rahimi*, or any other precedent, supports the notion that Section 922(g)(1) is unconstitutional as applied to [Petitioner], who was previously convicted of [robbery, among other things].

---

[4] There is an exception to the requirement of cause and prejudice for claims of ineffective assistance of counsel. *Fountain v. United States*, 357 F.3d 250, 254 (2d Cir. 2004). "[A] petitioner may bring an ineffective assistance of counsel claim whether or not the petitioner could have raised the claim on direct appeal." *Yick Man Mui*, 614 F.3d at 54. But Petitioner has not alleged ineffective assistance here. Further, any such claim would not succeed. The Court is aware, from numerous § 922(g)(1) cases post-*Bruen*, that Federal Defenders of New York, Inc. – which represented Petitioner here and is perhaps the premier defender organization in the country – made the strategic decision not to forego favorable plea agreements to preserve an argument that § 922(g)(1) is unconstitutional, expecting that (as occurred with *United States v. Davis*, 588 U.S. 445 (2019)), it would be able to raise such a claim later on if a Supreme Court decision abrogated Second Circuit precedent on the subject. That reasonable strategic decision would not amount to ineffective assistance of counsel. *See, e.g., Strickland v. Washington*, 466 U.S. 668, 689 (1984); *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994).

*United States v. Ramos*, No. 23-CR-554, 2024 WL 4979204, at *3 (S.D.N.Y. Dec. 4, 2024).

For the reasons stated above, the petition is dismissed.[5]  The Clerk of Court is respectfully directed to:  1) docket this Order in both of the above-captioned cases; 2) terminate ECF No. 24 in No. 20-CR-164; 3) close No. 24-CV-3693; and 4) send a copy of this Order to Teraje Smith, No. 01624-509, FCI McKean, Federal Correctional Institution, P.O. Box 8000, Bradford, PA 16701.  As the Petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue.  28 U.S.C. § 2253; *Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012).

SO ORDERED.

Dated: January 27, 2025
       White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.

---

[5] No hearing is necessary because the issues are ones of law and there are no disputed facts requiring resolution at a hearing.  *See Jarvis v. United States*, No. 10-CV-5693, 2012 WL 34091, at *4 n.2 (E.D.N.Y. Jan. 6, 2012); *Frias v. United States*, No. 09-CV-2537, 2010 WL 3564866, at *8 (S.D.N.Y. Sept. 13, 2010).